1

2

3

4

5

6

7

8                        **UNITED STATES DISTRICT COURT**

9                       **SOUTHERN DISTRICT OF CALIFORNIA**

10

11   JAMES EVERETT TAYLOR JONES,                    Civil No.     13cv0104 IEG (JMA)
     Inmate Booking No. 1256782,
12
                                  Plaintiff,        **(1) GRANTING MOTION TO**
13                                                  **PROCEED** *IN FORMA PAUPERIS*,
                                                    **IMPOSING NO INITIAL PARTIAL**
14                                                  **FILING FEE AND GARNISHING**
                                                    **$350.00 BALANCE FROM INMATES'S**
15                       vs.                        **TRUST ACCOUNT; and**

16                                                  **(2)  DISMISSING ACTION**
                                                    **WITHOUT PREJUDICE FOR**
17   DON ALLIE, U.S. Marshal,                       **FAILING TO STATE A**
                                                    **CLAIM PURSUANT TO**
18                                                  **28 U.S.C. §§ 1915(e)(2)(b) & 1915A(b)**

19                               Defendant.         **[ECF No. 3]**

20

21

22

23          James Everett Taylor Jones  ("Plaintiff"), an inmate currently housed at the George Bailey

24   Detention Facility located in San Diego, California, and proceeding pro se, has submitted a civil

25   action. In addition, Plaintiff has filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant

26   to 28 U.S.C. § 1915(a) [ECF No. 3].

27   / / /

28   / / /

# I.

## MOTION TO PROCEED IFP [ECF No. 3]

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $350.  *See* 28 U.S.C. § 1914(a).  An action may proceed despite a party's failure to prepay the entire fee only if that party is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a).  *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).  Prisoners granted leave to proceed IFP however, remain obligated to pay the entire fee in installments, regardless of whether their action is ultimately dismissed.  *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

The Court finds that Plaintiff has  attached a certified copy of his trust account statement pursuant to 28 U.S.C. § 1915(a)(2) and S.D. CAL. CIVLR 3.2.  Plaintiff's trust account statement indicates that he has insufficient funds from which to pay filing fees at this time.  *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee.").  Therefore, the Court **GRANTS** Plaintiff's Motion to Proceed IFP [ECF No. 3] and assesses no initial partial filing fee per 28 U.S.C. § 1915(b)(1).  However, the entire $350 balance of the filing fees mandated shall be collected and forwarded to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1).

# II.

## SUA SPONTE SCREENING PURSUANT TO 28 U.S.C. §§ 1915(e)(2) & 1915A(b)

Notwithstanding payment of any filing fee or portion thereof, the Prison Litigation Reform Act ("PLRA") requires courts to review complaints filed by prisoners against officers or employees of governmental entities and dismiss those or any portion of those found frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief.  *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Lopez*

*v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Resnick v. Hayes*, 213 F.3d 443, 446 (9th Cir. 2000) (§ 1915A).

Prior to the PLRA, the former 28 U.S.C. § 1915(d) permitted sua sponte dismissal of only frivolous and malicious claims. *Lopez*, 203 F.3d at 1126, 1130. However 28 U.S.C. §§ 1915(e)(2) and 1915A now mandate that the court reviewing a prisoner's suit make and rule on its own motion to dismiss before directing that the complaint be served by the U.S. Marshal pursuant to FED. R. CIV. P. 4(c)(2). *Id.* at 1127 ("[S]ection 1915(e) not only permits, but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim."); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). The district court should grant leave to amend, however, unless it determines that "the pleading could not possibly be cured by the allegation of other facts" and if it appears "at all possible that the plaintiff can correct the defect." *Lopez*, 203 F.3d at 1130-31 (citing *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995); *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 701 (9th Cir. 1990)).

"[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." *Resnick*, 213 F.3d at 447; *Barren*, 152 F.3d at 1194 (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)"). However, while liberal construction is "particularly important in civil rights cases," *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992), the court may nevertheless not "supply essential elements of the claim that were not initially pled." *Ivey v. Board of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

As currently pleaded, it is clear that Plaintiff's Complaint fails to state a cognizable claim under 42 U.S.C. § 1983. Section 1983 imposes two essential proof requirements upon a claimant: (1) that a person acting under color of state law committed the conduct at issue, and (2) that the conduct deprived the claimant of some right, privilege, or immunity protected by the Constitution or laws of the United States. *See* 42 U.S.C. § 1983; *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327, 328 (1986); *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985) (en banc).

Plaintiff claims that Defendant Allie, a Deputy U.S. Marshal, illegally wiretapped his mother's cell phone which led to his arrest and pending court criminal proceedings. (*See* Compl. at 1-3.)   Here, the Court will liberally construe Plaintiff's unlawful search claims against Defendant to arise under the Fourth Amendment.   While not entirely clear, it appears that Plaintiff is claiming that the evidence obtained during the searches by Defendant Allie have been used against him in his ongoing criminal proceedings.

In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held that:

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal .... Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence;  if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Id.* at 486-87 (footnote omitted).

As to Fourth Amendment claims under *Heck* specifically, the Ninth Circuit has further held that "a § 1983 action alleging illegal search and seizure of evidence *upon which criminal charges are based* does not accrue until the criminal charges have been dismissed or the conviction has been overturned."  *Harvey v. Waldron*, 210 F.3d 1008, 1015 (9th Cir. 2000) (quoting *Heck*, 512 U.S. at 484-85) (emphasis added) ("Such a holding will avoid the potential for inconsistent determinations on the legality of a search and seizure in the civil and criminal cases and will therefore fulfill the *Heck* Court's objectives of preserving consistency and finality, and preventing 'a collateral attack on [a] conviction through the vehicle of a civil suit.'").

Here, Plaintiff challenges the validity of the search that led to his criminal proceedings.  Therefore, like the Plaintiff in *Harvey*, Plaintiff's Fourth Amendment claims are precluded by *Heck*.   *See Harvey*,  210 F.3d at 1015-16 ("In the present case, the evidence seized in the allegedly unlawful search-gaming devices-was an essential element of the crime of which Harvey was charged-illegal possession of gaming devices.").  Since Plaintiff was arrested and criminal charges are pending,  "a § 1983 action challenging the legality of the search and

resulting seizure of this evidence, if successful," would "necessarily imply the invalidity" of his conviction, and is not cognizable under *Heck*, unless Plaintiff can show his conviction has already been invalidated. *Id.*

Thus, Plaintiff's Complaint must be dismissed sua sponte for failing to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); § 1915A(b)(1); *Lopez*, 203 F.3d at 1127; *Calhoun*, 254 F.3d at 845; *Trimble v. City of Santa Rosa*, 49 F.3d 583, 585 (9th Cir. 1995) (actions barred by *Heck* should be dismissed for failure to state a claim without prejudice to re-alleging claims for damages after the underlying conviction has been invalidated).

### III.

### CONCLUSION AND ORDER

Good cause appearing, **IT IS HEREBY ORDERED**:

1.      Plaintiff's Motion to proceed IFP pursuant to 28 U.S.C. § 1915(a) [ECF No. 3] is **GRANTED**.

2.      The Watch Commander of the George Bailey Detention Facility, or his designee, shall collect from Plaintiff's prison trust account the $350 balance of the filing fee owed in this case by collecting monthly payments from the account in an amount equal to twenty percent (20%) of the preceding month's income and forward payments to the Clerk of the Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2).  ALL PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

3.      The Clerk of the Court is directed to serve a copy of this Order on Watch Commander, George Bailey Detention Facility, 446 Alta Road, Suite 5300, San Diego, California, 92158.

**IT IS FURTHER ORDERED** that:

4.      Plaintiff's Complaint is **DISMISSED** for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) & § 1915A(b).  However, Plaintiff is **GRANTED** forty five (45) days leave from the date this Order is "Filed" in which to file a First Amended Complaint which cures all the deficiencies of pleading noted above.  Plaintiff's

Amended Complaint must be complete in itself without reference to the superseded pleading. *See* S.D. Cal. Civ. L. R. 15.1.  Defendants not named and all claims not re-alleged in the Amended Complaint will be deemed to have been waived.  *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).  Further, if Plaintiff's Amended Complaint fails to state a claim upon which relief may be granted, it may be dismissed without further leave to amend and may hereafter be counted as a "strike" under 28 U.S.C. § 1915(g). *See McHenry v. Renne*, 84 F.3d 1172, 1177-79 (9th Cir. 1996).

     5.    The Clerk of Court is directed to mail a form § 1983 complaint to Plaintiff.

DATED: February 6, 2013

HON. IRMA E. GONZALEZ
United States District Judge

-6-

13cv0104 IEG (JMA)