# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES EVERETT TAYLOR JONES, Inmate Booking No. 1256782,<br><br>Plaintiff,<br><br>vs.<br><br>DON ALLIE, U.S. Marshal, et al.<br><br>Defendants. | Civil No.   13cv0104 IEG (JMA)<br><br>**ORDER DISMISSING SECOND AMENDED COMPLAINT WITHOUT PREJUDICE FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. §§ 1915(e)(2)(b) & 1915A(b)**<br><br>**[ECF No. 9]** |

## I.
### PROCEDURAL HISTORY

On January 8, 2013, James Everett Taylor Jones ("Plaintiff"), an inmate currently housed at the George Bailey Detention Facility located in San Diego, California, and proceeding pro se, has submitted a civil action. In addition, Plaintiff filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a). On February 6, 2013, this Court granted Plaintiff's Motion to Proceed IFP but sua sponte dismissed his Complaint for failing to state a claim upon which relief could be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(b) & 1915A. (ECF No. 4.)

Plaintiff was granted leave to file an Amended Complaint in order to correct the deficiencies of pleading identified by the Court. (*Id.* at 5-6.) On March 18, 2013, Plaintiff filed his First Amended Complaint ("FAC"). (ECF No. 6.) The Court once again conducted the required sua sponte screening and dismissed Plaintiff's FAC for failing to state a claim upon which relief could be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(b) & 1915A. (ECF No. 8 at 7.) Plaintiff has now filed his Second Amended Complaint ("SAC"). (ECF No. 9.)

## II.

### SUA SPONTE SCREENING PURSUANT TO 28 U.S.C. §§ 1915(e)(2) & 1915A(b)

As the Court stated in its previous Orders, notwithstanding payment of any filing fee or portion thereof, the Prison Litigation Reform Act ("PLRA") requires courts to review complaints filed by prisoners against officers or employees of governmental entities and dismiss those or any portion of those found frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Resnick v. Hayes*, 213 F.3d 443, 446 (9th Cir. 2000) (§ 1915A).

Prior to the PLRA, the former 28 U.S.C. § 1915(d) permitted sua sponte dismissal of only frivolous and malicious claims. *Lopez*, 203 F.3d at 1126, 1130. However 28 U.S.C. §§ 1915(e)(2) and 1915A now mandate that the court reviewing a prisoner's suit make and rule on its own motion to dismiss before directing that the complaint be served by the U.S. Marshal pursuant to FED. R. CIV. P. 4(c)(2). *Id.* at 1127 ("[S]ection 1915(e) not only permits, but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim."); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998). The district court should grant leave to amend, however, unless it determines that "the pleading could not possibly be cured by the allegation of other facts" and if it appears "at all possible that the plaintiff can correct the defect." *Lopez*, 203 F.3d at 1130-31 (citing *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995); *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 701 (9th Cir. 1990)).

/ / /

/ / /

"[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." *Resnick*, 213 F.3d at 447; *Barren*, 152 F.3d at 1194 (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)"). However, while liberal construction is "particularly important in civil rights cases," *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992), the court may nevertheless not "supply essential elements of the claim that were not initially pled." *Ivey v. Board of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

As currently pleaded, it is clear that Plaintiff's Second Amended Complaint fails to state a cognizable claim under 42 U.S.C. § 1983. Section 1983 imposes two essential proof requirements upon a claimant: (1) that a person acting under color of state law committed the conduct at issue, and (2) that the conduct deprived the claimant of some right, privilege, or immunity protected by the Constitution or laws of the United States. *See* 42 U.S.C. § 1983; *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327, 328 (1986); *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985) (en banc).

Once again, Plaintiff attempts to allege a constitutional violation on behalf of another individual. (ECF No. 9 at 6-7.) However, because Plaintiff is proceeding pro se, he has no authority to represent the legal interest of any other party. *See Cato v. United States*, 70 F.3d 1103, 1105 n.1 (9th Cir. 1995); *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987); *see also* FED.R.CIV.P. 11(a) ("Every pleading, written motion, and other paper shall be signed by at least one attorney of record in the attorney's original name, or if the party is not represented by an attorney, shall be signed by the party."). Therefore, Plaintiff's claims brought on behalf of "Carlie Casey" are dismissed.

In addition, the entirety of Plaintiff's Second Amended Complaint contain challenges to either his pending criminal matter or his past criminal conviction. "In any § 1983 action, the first question is whether § 1983 is the appropriate avenue to remedy the alleged wrong." *Haygood v. Younger*, 769 F.2d 1350, 1353 (9th Cir. 1985) (en banc). A prisoner in state custody simply may not use a § 1983 civil rights action to challenge the "fact or duration of his confinement."

*Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973). The prisoner must seek federal habeas corpus relief instead. *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) (*quoting Preiser*, 411 U.S. at 489). "[W]hen a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Heck v. Humphrey*, 512 U.S. 477, 487 (1994). Thus, Plaintiff's § 1983 action may be "barred (absent prior invalidation)–no matter the relief sought (damages or equitable relief), no matter the target of his suit (state conduct leading to conviction or internal prison proceedings)–if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson*, 544 U.S. at 82.

In this case, some of Plaintiff's claims–particularly those alleging a "malicious" prosecution and "criminal police misconduct," may "necessarily imply the invalidity" of his confinement or its duration. *Heck*, 512 U.S. at 487; *Wilkinson*, 544 U.S. at 82. In creating a favorable termination rule in *Heck*, the Supreme Court relied on "the hoary principle that civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments." *Heck*, 511 U.S. at 486. Thus, to the extent Plaintiff challenges the constitutional validity of an outstanding conviction or sentence, to satisfy *Heck's* "favorable termination" rule, he must allege facts which show that the "malicious prosecution" which forms the basis of his § 1983 suit has already been: (1) reversed on direct appeal; (2) expunged by executive order; (3) declared invalid by a state tribunal authorized to make such a determination; or (4) called into question by the grant of a writ of habeas corpus. *Heck*, 512 U.S. at 487 (emphasis added); *see also Butterfield v. Bail*, 120 F.3d 1023, 1025 (9th Cir. 1997).

Plaintiff has alleged no facts sufficient to satisfy *Heck*. Thus, any claims pertaining to the legality of his arrest or the search may be barred by *Heck. See, e.g.*, *Guerrero v. Gates*, 442 F.3d 697, 703 (9th Cir. 2006) (*Heck* barred plaintiff's civil rights claims alleging wrongful arrest, malicious prosecution and conspiracy among police officers to bring false charges against him); *Cabrera v. City of Huntington Park*, 159 F.3d 374, 380 (9th Cir. 1998) (holding that *Heck* barred plaintiff's false arrest and imprisonment claims until conviction was invalidated); *Smithart v.*

*Towery*, 79 F.3d 951, 952 (9th Cir. 1996) (*Heck* barred plaintiff's civil rights claims alleging that defendants lacked probable cause to arrest him and brought unfounded criminal charges against him); *Harvey v. Waldron*, 210 F.3d 1008, 1015–16 (9th Cir. 2000) (civil rights action seeking damages for an allegedly illegal search and seizure upon which criminal charges are based is barred by *Heck* until the charges are dismissed or the conviction overturned).

Finally, Plaintiff alleges that the Defendants seized his property and failed to return it to him. (ECF No. 9 at 7.) Where a Plaintiff alleges the deprivation of a liberty or property interest caused by the unauthorized negligent or intentional action of an official, the Plaintiff cannot state a constitutional claim where the state provides an adequate post-deprivation remedy. *See Zinermon v. Burch*, 494 U.S. 113, 129-32 (1990); *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). The California Tort Claims Act ("CTCA") provides an adequate post-deprivation state remedy for the random and unauthorized taking of property. *Barnett v. Centoni*, 31 F.3d 813, 816-17 (9th Cir. 1994). Thus, Plaintiff has an adequate state post-deprivation remedy and his claims relating to the loss of his property are not cognizable in this § 1983 action, and must be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b)(1).

## III.
### CONCLUSION AND ORDER

Good cause appearing, **IT IS HEREBY ORDERED**:

Plaintiff's Second Amended Complaint is **DISMISSED** for failing to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A. Moreover, because the Court finds amendment of Plaintiff's claims would be futile at this time, leave to amend is **DENIED.** *See Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 339 (9th Cir. 1996) (denial of a leave to amend is not an abuse of discretion where further amendment would be futile)

The Clerk of Court shall close the file.

DATED: May 31, 2013

HON. IRMA E. GONZALEZ
United States District Judge